UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NAM H. TRAN                                          CIVIL ACTION

VERSUS                                              NO. 24-2904

UNITED STATES POSTAL                                SECTION "O"
SERVICE

## ORDER AND REASONS

In this Federal Tort Claims Act ("FTCA") litigation, Nam Tran seeks to recover for personal injuries and property damages alleged to have resulted from a motor-vehicle accident with a United States Postal Service letter carrier. Before the Court is the motion[1] of sole Defendant United States Parcel Service ("USPS") to dismiss the case for lack of jurisdiction. For the following reasons, the motion will be GRANTED.

## I.    BACKGROUND

While Nam Tran was driving south on Magazine Street in Uptown New Orleans in December 2023, a United States Post Office employee, Sequira Jamara Williams, was driving west on General Taylor Street.[2] Tran alleges that Williams failed to stop at the intersection's stop sign and struck Plaintiff's vehicle "from the side."[3] This accident allegedly caused Plaintiff "significant personal injuries and property damage."[4]

This lawsuit against the USPS followed. Plaintiff alleges that the USPS employee, Ms. Williams, negligently caused the accident for which Plaintiff seeks to

---

[1] ECF No. 9.
[2] ECF No. 1.
[3] *Id.*
[4] *Id.*

recover compensatory damages and costs.[5]  The USPS now moves to dismiss Tran's complaint for lack of jurisdiction because "suits under the FTCA may proceed against the United States as defendant and not directly against the agency itself."[6] Tran counters that the Court should deny the motion because this Court has exclusive jurisdiction over FTCA claims; if the Court grants the Defendant's motion, Tran alternatively requests an opportunity to amend the original complaint.[7]

## II.    LAW AND ANALYSIS

### A.  Rule 12(b)(1) Legal Standard

Rule 12(b)(1) permits a party to raise the defense of lack of subject matter jurisdiction at any time. FED. R. CIV. P. 12(b)(1), 12(h)(3). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A court's determination that it lacks subject matter jurisdiction may be based on (1) the complaint; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.* at 287 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). The plaintiff bears the burden of proof that jurisdiction exists. *Id.* at 286 (citation omitted).

---

[5] *Id.*

[6] ECF No. 9-1 (citing, *inter alia*, 28 U.S.C. §§ 1346, 2679).

[7] ECF No. 10.

**B. The Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, 1346**

"Absent a waiver of immunity the United States is immune from suit in tort." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). The FTCA effects a partial immunity waiver; however, such waiver "exists wholly by virtue of congressional consent which fixes the terms and conditions on which suit may be instituted." *Id.* One such mandatory condition is the requirement of exhaustion of administrative review. *See id.* (citing 28 U.S.C. § 2675). That is, no plaintiff may sue the United States for money damages for personal injury or loss of property caused by a negligent government employee acting in the scope of employment "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).[8]

This statutory focus on tort claims against *the United States* is key to another mandatory feature of the FTCA immunity waiver: exclusivity. Tort claims against the United States are exclusively cognizable under the FTCA in federal court. *See* 28 U.S.C. §§ 2679(a), 1346(b)(1); *see also King v. U.S. Dept. of Veterans Affairs*, 728 F.3d 410, 412-13 n.2 (5th Cir. 2013) (citation omitted); *see also Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party

---

[8] Part and parcel of this presentment prerequisite, any litigation instituted following administrative exhaustion may not seek "any sum in excess of the amount of the claim presented to the federal agency" except in limited circumstances. *See id.* § 2675(b).

defendant in a [FTCA] suit."). To be sure, in a section entitled "United States as defendant," federal district courts are statutorily vested with "exclusive jurisdiction of civil actions on claims against the United States for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1);[9] *see also Galvin*, 860 F.2d at 58 (citation omitted) (observing that "courts have consistently held that an agency or government employee cannot be sued *eo nomine* under the [FTCA]"). Because the FTCA does not provide a jurisdictional basis for claims against federal employees or agencies, tort claims for money damages against those agencies are barred. *See Walters v. Smith*, 409 F. App'x 782, 783 (5th Cir. 2011) ("It is well established that FTCA claims may be brought against only the 'United States,' and not the agencies or employees of the United States."); *see also Galvin*, 860 F.2d at 183 (determining that "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction").

It is thus the United States—not the agency or employee—that is "the proper party defendant in a [FTCA] suit." *Galvin*, 860 F.2d at 183. Where the plaintiff sues

---

[9] An "actionable" FTCA claim alleges § 1346(b)'s six elements, which include that the claim is:

"[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback v. King*, 592 U.S. 209, 212 (2021) (citations omitted).

the wrong party—*i.e.*, where an FTCA claim is advanced against a federal agency or employee as opposed to the United States itself—the lawsuit must be dismissed for lack of subject matter jurisdiction. *Galvin*, 860 F.2d at 183 ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). In short, the Fifth Circuit clearly instructs that, "[t]o sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant." *Baker v. McHugh*, 672 F. App'x 357, 362 n.2 (5th Cir. 2016) (quoting *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998)).

### C. Plaintiff Sued the Wrong Defendant.

The FTCA, as amended by the Westfall Act, specifically provides that a lawsuit against the United States is the exclusive remedy for individuals like Tran with claims for damages resulting from actions of federal employees within the scope of their employment. *See* 28 U.S.C. § 2679(b)(1); *see also Galvin*, 860 F.2d at 183 (5th Cir. 1988). To put a finer point on this established law, "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin*, 860 F.2d at 183 (citation omitted); *see also Carr v. Veterans Administration*, 522 F.2d 1355, 1356 (5th Cir. 1975).

In contravention of this established law, Tran named only the USPS as defendant in this FTCA litigation. The USPS is not the proper party to be sued. This jurisdictional defect dooms Plaintiff's lawsuit. Because Tran failed to "name the United States as the sole defendant," Tran's FTCA claim against the USPS must be dismissed for lack of jurisdiction. *See Baker*, 672 F. App'x at 362 n.2 (citation omitted),

This disposition is clear and mandatory.[10] Plaintiff bears the burden on establishing this Court's jurisdiction and that burden has not been discharged. Tran's claims against USPS falls outside the limited waiver for tort actions provided by the FTCA, so this federal agency retains its sovereign immunity with respect to Tran's claims. Therefore, Tran's FTCA claims against the USPS must be dismissed without prejudice for lack of subject-matter jurisdiction.

### D. Plaintiff Fails to Support the Request to Amend.

In this FTCA litigation, failure to sue the correct defendant is a jurisdictional defect that dooms the lawsuit, mandating dismissal without prejudice. *Galvin*, 860 F.2d at 183.

Still, the parties' briefing begs the question: whether Tran may amend the complaint. Without more, the USPS contends that Plaintiff failed to sue the correct defendant, and that Plaintiff's claims against the sole incorrect defendant sued, USPS, should be dismissed. And, Plaintiff counters, without more, that the FTCA governs tort claims against the USPS, that jurisdiction over such claims lies exclusively with the federal courts, and that if the Court finds merit to Defendant's motion, Plaintiff should be "allow[ed] to amend the original complaint." Tran fails to support the request to amend.

---

[10] Plaintiff's focus in the opposition memorandum is misplaced. By focusing on the fact that exclusive jurisdiction over FTCA claims is vested in federal courts, Plaintiff appears to overlook the distinction between suing an agency of the United States (the USPS) and the United States itself. *See* ECF No. 10-1. But the statutory terms, *see* 28 U.S.C. § 1346(b)(1), and the Fifth Circuit case law clearly identify the only proper defendant in FTCA lawsuits: "It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin*, 860 F.2d at 183; *see also McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) (instructing that "to sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant").

Though there is a statutory procedure for achieving substitution of the improperly named federal *employee* defendant for the only proper defendant—the United States—the Court is not asked to indulge the Westfall Act's certification-and-substitution procedure.[11] Ostensibly, that procedure is inapplicable because here, Tran names only the USPS, and not the specific postal employee, as defendant. *See Pittman v. United States Postal Service*, No. 25-787, 2025 WL 2855880 (E.D. La. Oct. 8, 2025) (granting unopposed motion by USPS and USPS letter carrier's motion to substitute the United States as defendant in place of the letter carrier and to dismiss the USPS for lack of subject matter jurisdiction).[12]

Tran's unsupported request to amend the original complaint must be denied. Foremost, Tran has failed to indicate the contents of any proposed amendment. Plaintiff thus fails to indicate that an amendment would be made to name the United States. Furthermore, it is not clear that Plaintiff would be entitled to amend the complaint because Plaintiff fails to allege exhaustion of administrative remedies against the United States, the singular proper defendant. Administrative

---

[11] That substitution procedure is nevertheless instructive. The United States may be substituted as the sole defendant in a tort action where the Attorney General certifies that the allegedly tortious conduct was committed by a federal employee "acting within the scope of his office or employment." 28 U.S.C. § 2679(d)(1). Indeed, "the Government's certification trigger[s] automatic substitution under the Westfall Act," which shifts the burden to the plaintiff to contest the certification's validity in order to prevent substitution. *See Beary v. Harris Cnty.*, No. 24-20371, 2025 WL 1577820, at *4 (5th Cir. June 4, 2025) (unpublished, *per curiam*) (citation omitted). Once the appropriate authority certifies that a federal employee was acting within the scope of his employment at the time of the incident out of which the claim arises, the Westfall Act provides that the civil action arising out of the incident shall be deemed an action against the United States, which shall be substituted as the sole defendant with respect to the FTCA plaintiff's claims. *See* 28 U.S.C. § 2679(d)(1); *see also Osborn v. Haley*, 549 U.S. 225, 229-30 (2007) ("Upon . . . certification, the employee is dismissed from the action, and the United States is substituted as a defendant in place of the employee.").

[12] Regardless, nor has any certification been submitted into the record.

exhaustion—or "the FTCA's presentment requirement"—is under Fifth Circuit precedent "a jurisdictional prerequisite" to instituting FTCA litigation. *See Spriggs v. United States*, 132 F.4th 376, 379 (5th Cir. 2025) (citation omitted). Tran thus fails even to suggest how justice requires amendment or that amendment would not be futile.

As the party invoking this Court's jurisdiction, Plaintiff bears the burden of alleging subject matter jurisdiction in the face of the instant Rule 12(b)(1) motion to dismiss for lack of jurisdiction. Given the clear jurisdictional defects, dismissal is required, and the Court declines to grant Plaintiff's mere perfunctory request for leave to amend. Nevertheless, dismissal of Plaintiff's lawsuit against USPS is predicated on jurisdictional grounds, so dismissal of Plaintiff's claims is without prejudice.

## III.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Defendant's motion[13] to dismiss is **GRANTED**. Plaintiff's lawsuit against the United States Postal Service is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 18th day of March, 2026.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[13] ECF No. 9.